# CIRCUIT COURT OF THE CITY OF ROANOKE

Flagstar Bank, F.S.B.

v.

Endia Saleh,
Jan L. Jackson,
Midland Funding, L.L.C.,
Anesthesiology Consultants
of Virginia, Inc.,
and the heirs, devisees,
successor in interest of
Roberta G. Brown, etc.

May 25, 2011

Case No. CL10-1983

By Judge Clifford R. Weckstein

*Order Denying Default Judgment*

On this 24th day of May 2011, came the plaintiff, by counsel, Philip J. Mirarchi, upon the plaintiff's Notice and Motion for Default Judgment and also came Jan L. Jackson, one of the named defendants. Ms. Jackson, who was personally served with process in this matter on November 5, 2010, had not previously filed any responsive pleadings or otherwise appeared of record. Whereupon, counsel for the plaintiff tendered to the Court a proposed final order, endorsed by plaintiff's attorney of record, and endorsed as "seen and agreed" by defendants Endia Saleh and Jan L. Jackson, and the matter was argued by counsel. The Court declines to enter the tendered order.

The plaintiff commenced this suit by a pleading captioned "Complaint to Quiet Title." The Complaint, after nineteen numbered paragraphs of preliminary matters under headings "Parties," "Jurisdiction," "Nature of this Action," and "Chain of Title," sought relief in the following numbered counts: Count I: Quiet Title, Count II: Declaratory Relief, Count III: Equitable Subrogation, Count IV: Equitable Lien, Count V: Constructive Trust, Count VI: Unjust Enrichment, Count VII: Specific Performance,

Count VIII: Equity Regards as Done Which Ought to be Done, Count IX: Breach of Warranty.

In brief summary, these are the factual allegations contained in the plaintiff's complaint. In 1971, improved real property in the City of Roanoke was conveyed to James Willis Brown and Roberta G. Brown, as tenants by the entireties with right of survivorship. The property is commonly known as 3028 Willow Road, N.W., Roanoke, Virginia 24017, and described as Lots 13, 14, and 15, Block 2, Map of Grove Park Addition, Plat Book 1, pages 288a and 289, in the Office of the Clerk of the Circuit Court of Roanoke County. James W. Brown died on March 23, 1991, and Roberta G. Brown died intestate on October 6, 2003. On November 7, 2003, after Roberta G. Brown's death, Jan G. Jackson, attorney-in-fact for Roberta G. Brown, executed and acknowledged a deed purporting to convey the property to Mexicorp, Inc. By deed dated October 27, 2004, recorded on November 1, 2004, Mexicorp, Inc., purportedly conveyed the property to Endia Saleh. Endia Saleh executed a note on October 29, 2004, promising to pay plaintiff $92,547.00. Payment of that note was ostensibly secured by a purchase money deed of trust in which Endia Saleh purportedly conveyed the real estate to Homestead Settlement Services, Trustee, in trust to secure repayment of that note.

It is apparent from the face of the Complaint and the record in this cause that the plaintiff is not entitled to the relief that would be granted by the proposed order, that proper service has not been made on necessary parties, that all necessary parties are not before the Court, and that evidence that might be furnished by a title examiner would be necessary to enter any substantive decree in this case. Matters affecting title to and interest in real estate are rarely, if ever, susceptible to resolution by default judgment. While default normally settles rights and obligations among the parties to a suit, a court cannot by decree determine who are the owners of real property or who has an interest in real property without receiving evidence. Assertions in pleadings, whether or not taken as admitted, do not determine the ownership of real property.

The plaintiff has pleaded that, upon Roberta G. Brown's death, the property became "vested to her heirs by operation of law." Counsel for the plaintiff conceded in oral argument that the attorney-in-fact's right to act under the power of attorney expired upon the death of Roberta G. Brown.

There is no evidence about the state of record title to the property at any time. The plaintiff has made minimal or no effort to identify Roberta Brown's heirs at law and to ascertain their whereabouts.

Although the plaintiff attempted to proceed against the heirs at law by order of publication, the affidavit executed and sworn to by one of plaintiff's attorneys (not Mr. Mirarchi) fails to comply with the requirements imposed by law for issuance of an order of publication. The plaintiff has not exercised due diligence. The order of publication is of no legal effect.

The plaintiff has not named the trustee under the purported deed of trust as a party to this suit, nor named Mexicorp, Inc.

The cause is continued for such action as the plaintiff may choose to take. As announced in open Court, the Court dispenses with endorsements, pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia. The Clerk shall send certified copies to all counsel and to all unrepresented parties.